Filed 10/27/22  P. v. Ramirez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B318337 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA048641) |
| v. | |
| JOHNNY RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge. Remanded with directions.

Mary Jo Strnad, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Johnny Ramirez challenges the trial court's decision not to resentence him under former Penal Code section 1170, subdivision (d)(1).[1]  After the court made its decision, the Legislature amended the law to create new procedural and substantive requirements the court must apply in considering whether to resentence a defendant.  Ramirez contends that we must remand his case to allow the court to reconsider resentencing him under the new version of the law. The People concede that he is correct, and we agree.

## BACKGROUND

This case grows out of events occurring on October 24, 2009, when Ramirez and a companion robbed a Radio Shack, shoved and moved two victims inside the store, and escaped in a car belonging to one of the victims.  Ramirez was armed with a semiautomatic handgun.

On March 22, 2010, Ramirez voluntarily walked into the Palmdale Sheriff's Office and confessed to the robbery.

In 2011, Ramirez pleaded no contest to one count of kidnapping in violation of section 207, subdivision (a), two counts of robbery in violation of section 211, and one count of grand theft auto in violation of section 487, subdivision (d)(1).  As to each count, Ramirez admitted allegations pursuant to sections 12022.53, subdivision (b), and 12022.5, subdivision (a) that he personally used a firearm in committing the offenses.  He was sentenced to a total term of imprisonment of 17 years.  The sentence consisted of five years for the kidnapping, eight months for grand theft auto, and 11 years four months for firearm

---

[1] Subsequent statutory references are to the Penal Code

enhancements.  The court stayed the punishment for the two counts of robbery and the associated firearm enhancements.

In a letter to the superior court dated November 17, 2020, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended pursuant to former section 1170, subdivision (d)(1) that Ramirez's sentence be recalled and that he be resentenced.  The secretary recommended the court strike the firearm enhancement "in the interest of justice," noting that courts had gained the authority to strike such enhancements only after Ramirez was sentenced.  The secretary stated that she had reviewed Ramirez's crimes and his record while incarcerated. She drew attention to mitigating considerations, including Ramirez's voluntary surrender to the Palmdale Sheriff's Office, the fact no victim suffered physical injuries, and Ramirez's lack of criminal history—Ramirez had a prior juvenile record consisting of relatively minor offenses, but no prior adult record.  He had no disciplinary record in prison, and his work and education progress were favorable.

In a brief ruling issued on January 5, 2021, the court stated it had read the secretary's letter and supporting documents, but despite acknowledging the discretion to do so, denied the request to modify Ramirez's sentence.

Nine months later, in October 2021, the Governor signed into law Assembly Bill No. 1540 (Stats. 2021, ch. 719), which enacted a new section 1170.03 to replace former section 1170, subdivision (d)(1), and established new guidelines for the trial court to consider when responding to recommendations for resentencing from the CDCR.  In 2022, the Legislature renumbered section 1170.03 as section 1172.1 but made no

further substantive changes.  (See Assembly Bill No. 200 (Stats. 2022, ch. 58, § 9).)

On September 13, 2021, Ramirez submitted an untimely notice of appeal from the denial.  This court granted his request for relief from default, and deemed his notice timely filed.

## DISCUSSION

Ramirez's sole argument on appeal is that, in light of the recent amendments to section 1172.1, his case should be remanded for reconsideration of the sentencing recall request of the CDCR.  The People agree, as do we.

At the time the secretary of the CDCR sent her letter, section 1170, subdivision (d)(1) gave the trial court authority to recall a defendant's sentence and resentence him at any time upon the recommendation of the secretary of the CDCR or certain other officials.  The statute allowed the court to "resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."  (Fmr. § 1170, subd. (d)(1).)  As the Supreme Court explained, "under the recall provisions of section 1170, subdivision (d), the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall."  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  It "may . . . impose any otherwise lawful resentence suggested by the facts available at the time of resentencing." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)  But the statute did not establish any procedural requirements that the court must follow in addressing a recommendation from the CDCR; indeed, it "apparently [did] *not* require the court to respond to the recommendation."  (*Id.* at p. 459, fn. omitted.)

4

The new law, as enacted by Assembly Bill No. 1540, preserves the procedure by which the secretary of the CDCR and certain other officials may recommend recalling a defendant's sentence, but it changes the manner in which the court responds to a recommendation.  Under the new statute, when an official submits a resentencing recommendation, the court must "provide notice to the defendant and set a status conference within 30 days after the date that the court received the request.  The court's order setting the conference shall also appoint counsel to represent the defendant."  (§ 1172.1, subd. (b)(1).)  Before the court can deny a defendant resentencing, it must provide "a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."  (§ 1172.1, subd. (a)(8).)  The court must also "state on the record the reasons for its decision to grant or deny recall and resentencing."  (§ 1170.03, subd. (a)(6).)

Under the new law, the court gains the authority to "[v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense, whether or not that offense was charged in the original pleading, and then resentence the defendant to a reduced term of imprisonment," subject to the concurrence of the defendant and the local district attorney.  (§ 1172.1, subd. (a)(3)(B).)  Finally, the law creates "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety."  (§ 1172.1, subd. (b)(2).)

In this case, because the trial court denied Ramirez's petition before Assembly Bill No. 1540 was enacted, the court did not appoint counsel to represent Ramirez, nor did it explain its

5

reasons for denying recall and resentencing.  In addition, the court did not apply a presumption in favor of recalling and resentencing Ramirez.

The parties agree that in denying the CDCR secretary's request for Ramirez to be resentenced, the trial court did not meet the requirements of the new law.  They urge us to follow the conclusion reached in *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1039-1041 that Assembly Bill No. 1540 applies retroactively to defendants like Ramirez.  Regardless of whether *McMurray* was correctly decided, it would be a waste of resources to deny Ramirez's request to remand for a new hearing.  The CDCR has already decided that Ramirez is a worthy candidate for recall and resentencing.  If we decided that the law does not apply retroactively to his case, the CDCR could simply file a new recommendation to recall Ramirez's sentence under the standards of section 1172.1.  Remanding the case now will avoid that unnecessary step.

## DISPOSITION

We reverse the January 5, 2021 order denying recall and remand this case to the trial court and direct it apply the provisions of section 1172.1.

NOT TO BE PUBLISHED

BENKE, J.*

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

---

*Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.